UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>PATRICK RASHAD DURHAM,<br><br>Defendant/Movant, | Criminal No. 6:17-cr-520-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court upon Defendant/Movant Patrick Rashad Durham's ("Durham") "Motion for Amendment to Criminal Monetary Penalties Imposed In a Judegement [sic] In A Criminal Case" (ECF No. 87). For the reasons set forth below, Durham's motion is denied.

## BACKGROUND

On June 13, 2017, a federal grand jury indicted Durham in a two-count indictment charging violations of 18 U.S.C. § 371 (conspiracy to transport individuals across state lines for prostitution) and 18 U.S.C. § 2421 (transporting an individual across state lines for prostitution). (ECF No. 2.) On February 6, 2018, Durham pleaded guilty to Count 2, transporting an individual across state lines for prostitution in violation of 18 U.S.C. § 2421. (ECF Nos. 48, 49.)

A presentence investigation report ("PSR") was prepared. The advisory guidelines calculation included a cross reference to USSG §2A3.1 for criminal sexual abuse. (PSR ¶ 50, ECF No. 66 at 13.) The base offense level became 30 and additional levels were

1

added for use of force, choking the victim, moving the victim from state to state under threat of violence, and the use of a computer. (*Id.* ¶¶ 51–54.) The total offense level became a 39 after three levels of acceptance of responsibility were deducted from the adjusted offense level of 42. (*Id.* ¶¶ 58–62.) The guideline imprisonment range, based on a total offense level of 39 and a criminal history category of IV, was 360 months to life. (*Id.* ¶ 76.) However, because Durham pleaded guilty to violating 18 U.S.C. § 2421, his sentence was capped at the statutory maximum of ten years. (*Id.*)

A sentencing hearing was held on November 9, 2018. (ECF No. 64.) This Court sentenced Durham to 120 months' imprisonment, supervised release of five years, a special assessment of $100.00 and restitution of $10,000.00. (ECF No. 67.) The restitution amount was imposed pursuant to the Mandatory Victim Restitution Act of 1996 and was derived from a conservative estimate of the victim seeing one client per day for 125 days, charging $80 per visit. (PSR ¶ 17.) Judgment was entered on December 20, 2018. (*Id.*)

Durham filed the instant motion to modify the monetary penalties imposed against him on November 5, 2021. (ECF No. 87.) The United States of America ("Government") filed a response in opposition on November 16, 2021. (ECF No. 91.) These matters are ripe for review, and the Court now issues the following ruling.

## **DISCUSSION**

In his motion, Durham requests that the Court amend the judgment in his case to remove the restitution requirement because the victim, F.W., died of a drug overdose. (ECF No. 87 at 1–2.) The Court denies the motion because the victim's estate is now the proper victim entitled to restitution.

On November 9, 2018, this Court sentenced Durham to, *inter alia*, $10,000.00 restitution after finding that Durham caused repeated harm to the victim in the case, including taking the proceeds of the victim's prostitution activities under threat of violence. (*See* ECF No. 66.) Durham contends that because the victim in this case has predeceased him, the Court should rescind its restitution order. (*See* ECF No. 87.) Durham's motion is without merit. The Court awarded restitution to the victim pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A(a)(2). The Court's restitution order survives the victim's death. In situations where a victim is deceased, courts have substituted the victim's estate and/or beneficiaries of the victim's estate as the recipient of the restitution order. *See, e.g.*, *United States v. Johnson*, No. CR. 07-20026-STA, 2010 WL 234717 (W.D. Tenn. Jan. 14, 2010), *aff'd*, 443 F. App'x 85 (6th Cir. 2011); *United States v. Kozak*, 2:07-cr-00786-DCN, Doc. No. 55 (D.S.C. Sept. 21, 2021). Moroever, the MVRA's language expressly contemplates the award of restitution to a victim's estate. *See* 18 U.S.C. § 3663A(a)(2) (listing the estate of a deceased victim in the definition of "victim" under the MVRA). Finally, the equities of this situation favor retaining the restitution order. F.W. was a sex trafficking victim who suffered horrific abuse and faced many challenges during her attempts to restore her life. The Court is informed that the Government confirmed with the FBI that the victim died of a drug overdose. (*See* ECF No. 91 at 2.) F.W. had recently given birth to a baby boy who was merely two months old at the time of her untimely passing and will never know his mother. Accordingly, F.W.'s estate is hereby substituted as the victim in this case for purposes of restitution.

## CONCLUSION

For the reasons set forth above, Movant Durham's motion to amend the monetary

penalties imposed against him (ECF No. 87) is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

December 13, 2022
Greenville, South Carolina